# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

MICHAEL L. MCLAUGHLIN,

        Plaintiff,

  v.

CENTRAL PENINSULA GENERAL HOSPITAL, et al.,

        Defendants.

Case No. 3:25-cv-00009-SLG

## ORDER OF DISMISSAL

On January 13, 2025, self-represented prisoner Michael L. McLaughlin ("Plaintiff") filed a civil complaint, a civil cover sheet, an application to waive prepayment of the filing fee, and a "Declaration of a Timely Inmate Filing."[1] Plaintiff seeks to sue 18 defendants, including the Central Peninsula General Hospital ("CPGH"), officers and members of the hospital's board, hospital employees, employees or affiliated volunteers of the Nikiski Fire Service, and Alaska State Troopers, alleging violations of his civil rights and the False Claims Act.[2] Plaintiff claims he was unlawfully seized on June 24, 2017, and taken in an ambulance to CPGH.[3] The Complaint alleges a fraudulent scheme purportedly orchestrated by Defendants to illegally search and collect evidence from individuals, use the

---

[1] Dockets 1-5.

[2] Docket 1.

[3] *Id.*

hospital to illegally detain individuals, and defraud Alaska's federally funded Medicaid program by billing for unnecessary emergency room services. Plaintiff also claims the subsequent criminal charges brought against him by the State of Alaska based on the events that occurred on June 24, 2017, were filed as an attempt to conceal Defendant's fraudulent activities.

The Court takes judicial notice of Plaintiff's pending criminal case in state court, *State of Alaska v. Michael Lee McLaughlin*, Case No. 3KN-17-00718CR.[4] The Court also takes judicial notice that Plaintiff's claims in this federal case were previously raised in an earlier case against the same Defendants as he names here, those Defendants were previously dismissed by the Court in *McLaughlin v. Central Peninsula General Hospital, et al.*, Case No. 3:19-cv-00154-TMB-MMS, and the Ninth Circuit affirmed the dismissal of that case.

The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. For the reasons explained in this order, the Complaint is dismissed without leave to amend.

---

[4] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024); S*ee also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("We may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted.).

Case No. 3:25-CV-00009-SLG, *Michael L. McLaughlin v. CPGH, et al.*
Order of Dismissal
Page 2 of 11
Case 3:25-cv-00009-SLG   Document 8   Filed 05/21/25   Page 2 of 11

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[5] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.[6]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[7] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[8] Although the scope of review generally is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters

---

[5] 28 U.S.C. §§ 1915, 1915A.

[6] 28 U.S.C. § 1915(e)(2)(B).

[7] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding that a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

[8] *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Case No. 3:25-CV-00009-SLG, *Michael L. McLaughlin v. CPGH, et al.*
Order of Dismissal
Page 3 of 11
Case 3:25-cv-00009-SLG    Document 8    Filed 05/21/25    Page 3 of 11

of judicial notice.[9] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[10]

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint, unless to do so would be futile.[11] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[12]

## DISCUSSION

In the previous case of *McLaughlin v. Central Peninsula General Hospital, et al.,* Plaintiff sought to sue 30 defendants, including all 18 defendants named in this case. In that previous case, he brought ten claims: (1) "Illegal Search, Seizure, and False Arrest or Imprisonment" along with an accompanying allegation of conspiracy; (2) "Malicious Prosecution with the Intent to Violate Civil Rights" along with conspiracy; (3) "Deprivation of Procedural Due Process/Violation of the 'Brady' Rule" along with conspiracy; (4) "Deliberate and Reckless Disregard for Substantive Due Process Rights" along with conspiracy; (5) "Intentional

---

[9] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[10] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

[11] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[12] *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

Case No. 3:25-CV-00009-SLG, *Michael L. McLaughlin v. CPGH, et al.*
Order of Dismissal
Page 4 of 11
Case 3:25-cv-00009-SLG     Document 8     Filed 05/21/25     Page 4 of 11

Deprivation of Equal Protection Under the Law" along with conspiracy; (6) "Violation of the False Claims Act" ("FCA") along with conspiracy; (7) "Assault, Battery, and Other Forms of Offensive Contact" along with conspiracy; (8) "Negligence, Gross Negligence and Deliberately Reckless Conduct" along with conspiracy; (9) "Third-party Spoliation of Evidence to Protect Co-conspirators; and (10) "Intentional Infliction of Emotional Distress.[13]

Plaintiff's claims in his prior case were based on the events that occurred on June 24, 2017. Based on those same events, the State filed *State of Alaska vs. Mclaughlin, Michael Lee,* Case No. 3KN-17-00718CR, bringing five charges against Plaintiff. Charge 1 (tampering with physical evidence by destroying, altering, or suppressing evidence in violation of Alaska Statute § 11.56.610) was dismissed by the prosecution on in November 2019.[14] However, Charge 2 (theft valuing $1,000-$24,999)[15]; Charge 3 (resisting or interfering with arrest by use of

---

[13] Case No. 3:19-cv-00154-TMB-MMS, Docket 8 at 4.

[14] *State of Alaska vs. Mclaughlin, Michael Lee,* Case No. 3KN-17-00718CR, Party Charge Information (Charge #1: Alaska Stat § 11.56.610(a)(1): Tamper Phys Evid-Destroy/Alter/Suppress - Class C Felony), Party Charge Disposition (Dismissed by Prosecution 11/09/2019).

[15] *State of Alaska vs. Mclaughlin, Michael Lee,* Case No. 3KN-17-00718CR, Party Charge Information (Charge #2: Alaska Stat § 11.46.130(a)(1): Theft 2-Value $1000-$24,999 – Class A Misdemeanor).

Case No. 3:25-CV-00009-SLG, *Michael L. McLaughlin v. CPGH, et al.*
Order of Dismissal
Page 5 of 11
Case 3:25-cv-00009-SLG     Document 8     Filed 05/21/25     Page 5 of 11

force)[16]; Charge 4 (disorderly conduct)[17]; and Charge 5[18] all remain pending.

## I. Plaintiff's *qui tam* action under the False Claims Act is dismissed with prejudice

In this case, Plaintiff repleads his False Claims Acts ("FCA") allegations stating that he has "compiled a list of FCA specialist practitioners by which he hopes to secure *qui tam* counsel as is required by Ninth Circuit law."[19] However, Plaintiff has not secured counsel or followed the proper procedure for a *qui tam* action. In affirming the previous dismissal of Plaintiff's FCA claim, the Ninth Circuit explained that "self-represented litigators cannot become relators of FCA *qui tam* actions."[20] Therefore, this FCA claim must again be dismissed. Although the dismissal of this claim in the first case was without prejudice, this claim must now be dismissed with prejudice, as the Ninth Circuit expressly held that Plaintiff cannot proceed with this claim as a self-represented litigant.[21]

---

[16] *State of Alaska vs. Mclaughlin, Michael Lee,* Case No. 3KN-17-00718CR, Party Charge Information (Charge #3: Alaska Stat § 11.56.700(a)(1): Resist/Interfere Arrest-By Force - Class A Misdemeanor).

[17] *State of Alaska vs. Mclaughlin, Michael Lee,* Case No. 3KN-17-00718CR, Party Charge Information (Charge #4: Alaska Stat. § 11.61.110(a)(2): Disord Conduct-Loud Noise, Publ/Priv- Class B Misdemeanor).

[18] *State of Alaska vs. Mclaughlin, Michael Lee,* Case No. 3KN-17-00718CR, Party Charge Information (Charge #5: Alaska Stat § 28.35.030(n): Felony DUI - 2+ Priors - Class C Felony).

19

[20] Docket 26 at 3 (citing *Stoner v. Santa Clara Cnty. Off. of Educ.,* 502 F.3d 1116, 1126 (9th Cir. 2007)).

[21] *See* Fed. R. Civ. P. 41(a).

Case No. 3:25-CV-00009-SLG, *Michael L. McLaughlin v. CPGH, et al.*
Order of Dismissal
Page 6 of 11
Case 3:25-cv-00009-SLG     Document 8     Filed 05/21/25     Page 6 of 11

## II. Plaintiff's Civil Rights Claims

Plaintiff claims he is refiling his civil rights claims because there is "no valid end in sight"[22] in his state court case and in an effort to prevent his false arrest/false imprisonment claims to be dismissed as time-barred under the relevant statute of limitations.[23] However, these are not valid reasons to ignore the holding of the Ninth Circuit by refiling these claims while his criminal charges remain pending. The Ninth Circuit specifically stated that this "case falls squarely within the proper application of *Younger* [, since McLaughlin's] criminal proceedings remain ongoing."[24] When the Ninth Circuit affirmed the dismissal of Plaintiff's claims in Case 154, Charge 1 had already been dismissed and Charges 2-5 remained pending. Since then, there have been no changes to the disposition of any of the charges in the state criminal case, so these constitutional claims must again be dismissed pursuant to the *Younger* abstention because they are related to Plaintiff's pending criminal charges. As the Ninth Circuit explained, "[t]he district court correctly held that these constitutional claims should be decided in the pending state litigation."[25]

---

[22] Docket 7 at 5.

[23] Docket 1 at 12.

[24] *McLaughlin v. Cent. Peninsula Gen. Hosp.,* Case No. 20-35187, 2023 WL 4636741, at *1 (9th Cir. July 20, 2023).

[25] *McLaughlin v. Cent. Peninsula Gen. Hosp.,* Case No. 20-35187, 2023 WL 4636741, at *2 (9th Cir. July 20, 2023).

Case No. 3:25-CV-00009-SLG, *Michael L. McLaughlin v. CPGH, et al.*
Order of Dismissal
Page 7 of 11
Case 3:25-cv-00009-SLG   Document 8   Filed 05/21/25   Page 7 of 11

While a dismissal pursuant to *Younger* does not typically result in a strike,[26] a federal court may dismiss refiled claims and issue a strike if the claims are found to be frivolous or malicious. However, construing the pleadings liberally and affording Plaintiff the benefit of the doubt,[27] the Court declines to find Plaintiff's claims to be "frivolous or malicious by virtue of being repetitive. . . Rather, it reflects a [self-represented] litigant's inartful attempt" to preserve his claims.[28] Therefore, this dismissal will not count as a strike against Plaintiff and is entered without prejudice to Plaintiff refiling these civil rights claims in the event that, and only after which, the state court criminal proceedings have concluded.

### III. Habeas Corpus Jurisdiction

A writ of habeas corpus allows an individual to test the legality of being detained or held in custody by the government.[29] A state court pretrial detainee may challenge his pretrial detention in federal court under 28 U.S.C. § 2241.[30] However, claims such as speedy trial violations, due process concerns, and ineffective assistance of counsel, if cognizable as constitutional claims, are more

---

[26] *Washington v. Los Angeles County Sheriff's Department,* 833 F.3d 1048, 1060 (9th Cir. 2016).

[27] *See Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010).

[28] *Washington,* 833 at 1060 (declining to find the plaintiff's second *Younger*-barred complaint frivolous or malicious, but rather an inartful attempt to revise "his requested relief and causes of action to avoid the *Younger* bar.").

[29] *Rasul v. Bush,* 542 U.S. 466, 474 (2004).

[30] *See Stow v. Murashige,* 389 F.3d 880, 885–86 (9th Cir. 2004) (citations and quotations omitted).

Case No. 3:25-CV-00009-SLG, *Michael L. McLaughlin v. CPGH, et al.*
Order of Dismissal
Page 8 of 11
Case 3:25-cv-00009-SLG    Document 8    Filed 05/21/25    Page 8 of 11

appropriately raised in the pending state criminal case, on direct appeal should the defendant be convicted, or in state post-conviction relief proceedings. Further, habeas cases have strict procedural requirements that must be met before such claims may be filed in federal court. Federal habeas cases filed by state inmates—whether a convicted prisoner or a pretrial detainee—must also comply with the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules")[31] and the District of Alaska Local Habeas Corpus Rules.[32] A petition for a writ of habeas corpus must be filed on the Court's form,[33] a petitioner may only challenge one state court judgment or pretrial proceeding in each habeas petition,[34] and the "petition must name as respondent the state officer who has custody."[35] In the absence of a clear intent to bring a habeas petition, federal courts should refrain from converting a defective civil rights claim into a habeas petition.[36]

---

[31] Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"). *See also* Local Habeas Corpus Rule 1.1(c)(2) ("Except as otherwise specifically provided by statute, rule or order of the court… the Rules Governing Section 2254 Cases in the United States District Courts, apply to all petitions for habeas corpus relief filed in this court.").

[32] District of Alaska Local Habeas Rules, https://www.akd.uscourts.gov/sites/akd/files/local_rules/habeas_corpus.pdf.

[33] District of Alaska Local Habeas Corpus Rule 2.1(a)(1). *See also* Rule 2(d), Rules Governing Section 2254 Cases in the United States District Court ("The petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule.").

[34] *See* Rule 2(e), Rules Governing Section 2254 Cases in the United States District Courts ("A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court.").

[35] Rule 2(a), Section 2254 Rules.

[36] *Trimble v. City of Santa Rosa,* 49 F.3d 583, 586 (9th Cir. 1995).

Should Plaintiff seek to file a habeas petition under Section 2241, the Court's template forms are available upon request from the Clerk's office.

### IV. The Three Strikes Rule

The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" when a case he has filed in federal court is dismissed "as frivolous or malicious or fails to state a claim upon which relief may be granted[.]"[37] The "three strikes" provision was "designed to filter out the bad claims and facilitate consideration of the good."[38] Once a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that, at the time he filed the complaint, "the prisoner is under imminent danger of serious physical injury."[39] Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head."[40] It cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.[41] In

---

[37] 28 U.S.C.A. § 1915(g).

[38] *Jones v. Bock,* 549 U.S. 199, 204 (2007).

[39] 28 U.S.C. § 1915(g); *see also Andrews v. Cervantes,* 493 F.3d 1047, 1055 (9th Cir. 2007).

[40] *Andrews,* 493 F.3d at 1056 (cleaned up).

[41] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

Case No. 3:25-CV-00009-SLG, *Michael L. McLaughlin v. CPGH, et al.*
Order of Dismissal
Page 10 of 11
Case 3:25-cv-00009-SLG   Document 8   Filed 05/21/25   Page 10 of 11

addition to being "imminent," the alleged danger must also be "both fairly traceable to unlawful conduct alleged in [the] complaint and redressable by the court."[42]

**IT IS THEREFORE ORDERED:**

1. This case is **DISMISSED.** The False Claims Act claims are DISMISSED with prejudice. The constitutional claims are DISMISSED without prejudice, but must not be refiled until after the state criminal case has been concluded.

2. All pending motions are **DENIED as moot.**

3. The Clerk of Court shall issue a final judgment and close this case.

DATED this 21st day of May, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[42] *Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus test).

Case No. 3:25-CV-00009-SLG, *Michael L. McLaughlin v. CPGH, et al.*
Order of Dismissal
Page 11 of 11
Case 3:25-cv-00009-SLG    Document 8    Filed 05/21/25    Page 11 of 11